UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATER ASSETS LIMITED,<br><br>                Plaintiff-Assignee,<br><br>    -against-<br><br>AO GAZSNABTRANZIT,<br>AO MOLDOVAGAZ and the<br>REPUBLIC OF MOLDOVA,<br><br>                Defendants. | 2016 Civ. _____ (   )<br><br>**COMPLAINT IN ACTION**<br>**FOR RENEWAL JUDGMENT**<br><br>Related to: 99 Civ. 11962 (LAP) |

Plaintiff-Assignee Gater Assets Limited ("Plaintiff"), by its attorneys Dechert LLP and Miller & Wrubel P.C., as and for its Complaint against Defendants AO Gazsnabtranzit ("Gazsnabtranzit"), AO Moldovagaz ("Moldovagaz") and the Republic of Moldova ("Moldova") hereby alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

#### The Parties

1. Plaintiff is a limited liability corporation organized under the laws of the British Virgin Islands with its principal place of business at Quijano Chambers, P.O. Box 3159, Road Town, Tortola, British Virgin Islands.

2. Plaintiff is the assignee of a judgment entered by this Court on July 14, 2000 (the "2000 Judgment") in *Lloyd's Underwriters v. AO Gazsnabtranzit et al.*, 99 Civ. 11962 (the "Original Proceeding"), in the amount of $9,863.034.04. The 2000 Judgment remains unsatisfied. Plaintiff brings this action to obtain a renewal judgment pursuant to New York Civil Practice Law & Rules ("CPLR") § 5014.

3.      The 2000 Judgment resulted from confirmation of a final arbitral award dated November 12, 1998 (the "Award") following arbitration administered by the International Commercial Arbitration Court at the Chamber of Commerce and Industry of the Russian Federation and seated in Moscow, Russia, pursuant to agreement in the parties' underlying contract, as more fully described below.  The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T. S. 3 (the "Convention"), to which Moldova, Russia, the United Kingdom and the United States are all parties, applied to the Original Proceeding and applies to this action.

4.      Defendant Gazsnabtranzit was an agency or instrumentality of a foreign state within the meaning of Section 1603(b) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1441 and 1602-1611, and was a joint stock company organized and existing under the laws of the Republic of Moldova with an office and place of business c/o AO Moldovagaz, Strada Albishoara, No. 38, Chisinau 2005, Republic of Moldova.

5.      Defendant Moldovagaz is an agency or instrumentality of a foreign state within the meaning of Section 1603(b) of the FSIA and is a joint stock company organized and existing under the laws of the Republic of Moldova with an office and place of business at Strada Albishoara, No. 38, Chisinau 2005, Republic of Moldova.

6.      Defendant Moldova is a foreign state within the meaning of Section 1603(a) of the FSIA, with an office and place of business c/o the Ministry of Justice of the Republic of Moldova, 31 August 1989, 82 Street, MD – 2012 Chisinau, Republic of Moldova.

**Subject Matter Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203, 28 U.S.C. § 1330(a) and 28 U.S.C. § 1605(a)(1) and (6).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (f)(1), as the 2000 Judgment that is the subject of this action was rendered in this District.

**Underlying Events**

**A.    The Award**

9. On December 30, 1996, Respondent Gazsnabtranzit entered into a contract with AO Gazprom (a Russian joint stock company) (the "Contract") relating, among other things, to the sale and supply of natural gas by AO Gazprom to Gazsnabtranzit for delivery to customers in Moldova. The Contract provided that AO Gazprom would sell and Gazsnabtranzit would purchase a certain volume of natural gas during 1997 in installments at specified prices, with final settlement to be effected subsequently if Gazsnabtranzit over-consumed or under-consumed its quarterly allocation.

10. Foreseeing the possibility that Gazsnabtranzit might over-consume its allocation of natural gas, AO Gazprom insured itself against this risk with insurers who took out reinsurance with Lloyd's Underwriters (1.C. Agnew and Others Lloyd's Syndicate 672) (collectively, "Lloyd's").

11. A dispute thereafter arose between AO Gazprom and Gazsnabtranzit concerning whether Gazsnabtranzit had over-consumed its allotment during the first quarter of 1997. While the dispute was pending, AO Gazprom claimed against its insurer, the Sogaz Insurance Company, who was reimbursed by the Anglo-

3

Russian Insurance Company as reinsurer, who, in turn, was reimbursed by Lloyd's as reinsurer.  As a result of its payment, Lloyd's became subrogated to the rights of AO Gazprom under the Contract.

12. The Contract provided for arbitration of disputes arising out of the Contract before the International Commercial Arbitration Court at the Chamber of Commerce of Russian Federation (Moscow).  Lloyd's and Gazsnabtranzit arbitrated the dispute in accordance with the terms of that arbitration agreement.

13. On November 12, 1998, in the City of Moscow, Russia, the arbitrators rendered a written award resolving the dispute, acknowledged it and delivered it to the parties.  Certified copies of the Award and the translation thereof are annexed as Exhibit 1.

14. The Award directed Gazsnabtranzit to pay Lloyd's the principal sum of $8,512,500.00, plus the sum of $36,465.00 as compensation for the arbitration fee incurred by Lloyd's, for a total amount of $8,548,965.00.  No proceedings were brought in Russia contesting the validity of the Award, and the Award later became final according to the laws of Russia.  To date, no part of the Award has been paid or otherwise discharged.

**B.    Both Moldovagaz And Moldova Are Liable For
       Gazsnabtranzit's Obligations Under The Contract And The Award**

15. In or about November 1998, Moldova created Moldovagaz by merging several state enterprises and complexes, including Gazsnabtranzit, into a single entity.  Under the laws of Moldova, Moldovagaz is the legal successor to all the obligations of Gazsnabtranzit.

4

16.    Moldova created Gazsnabtranzit, compelled the merger of Gazsnabtranzit into Moldovagaz, was and is a major shareholder in Gazsnabtranzit and Moldovagaz, owned and owns the assets of Gazsnabtranzit and Moldovagaz, and has at all relevant times directed the disposition of the property of Gazsnabtranzit and Moldovagaz.  As a result, Moldova is responsible under Moldovan law for the obligations of Gazsnabtranzit and Moldovagaz arising from the Award.

17.    Further, Gazsnabtranzit, Moldovagaz and Moldova were and are joint venturers.  Gazsnabtranzit, Moldovagaz and Moldova agreed to combine their money, property and time in connection with each and every venture undertaken by Gazsnabtranzit and Moldovagaz.

18.    Gazsnabtranzit, Moldovagaz and Moldova also agreed to share jointly in the expenses, profits and losses of these ventures.  The Contract was one of these joint ventures, and the Award was and is an expense and/or loss of this joint venture.

**C.    The 2000 Judgment**

19.    Pursuant to 9 U.S.C. § 207, Lloyd's was entitled to an order confirming the Award.  On or about December 10, 1999, Lloyd's filed a petition (the "Petition") in this Court in the Original Proceeding seeking confirmation of the Award.  Service of the Petition and its supporting papers was duly made on Gazsnabtranzit, Moldovagaz and Moldova by the Clerk of the Court pursuant to 28 U.S.C. § 1608.

20.    The Petition sought entry of judgment against not only Gazsnabtranzit, but against Gazsnabtranzit, Moldovagaz and Moldova, jointly and severally, in the principal amount of $8,548,965.00.

21. After Gazsnabtranzit, Moldovagaz and Moldova failed to appear in the Original Proceeding within their time to do so, in or about June 2000 this Court entered an Order to Show Cause directing Gazsnabtranzit, Moldovagaz and Moldova to show cause why a default judgment should not be entered confirming the Award. Service of the Order to Show Cause and its supporting papers was duly made on Gazsnabtranzit, Moldovagaz and Moldova by the Clerk of the Court by Federal Express pursuant to the provisions of the Order to Show Cause.

22. When Gazsnabtranzit, Moldovagaz and Moldova failed to respond to the Order to Show Cause within their time to do so, on or about July 17, 2000 the Court entered the 2000 Judgment in the Original Proceeding, in the amount (including interest and costs) of $9,863,034.04. The Court noted that the Defendants had failed to respond to Lloyd's Petition and that the Court had "reviewed [Lloyd's] papers and [ ] determined that [Lloyd's] ha[d] established its right to relief by evidence satisfactory to the Court." 2000 Judgment at 1-2. A copy of the 2000 Judgment is annexed as Exhibit 2.

**Plaintiff's Right to a Renewal Judgment**

23. No part of the 2000 Judgment has been paid.

24. On or about August 6, 2012, Plaintiff filed in the Original Proceeding a Notice of Assignment of Judgment (the "Assignment"), evidencing the assignment of the 2000 Judgment from Lloyd's to Plaintiff. A copy of the Assignment is annexed as Exhibit 3.

25. As a result of the Assignment, Plaintiff is the holder of the 2000 Judgment and entitled to enforce it against Gazsnabtranzit, Moldovagaz and Moldova.

26.     Pursuant to Fed. R. Civ. P. 69(a)(1), procedure in "proceedings supplementary to and in aid of judgment or execution thereon" are to "accord with the procedure of the state where the court is located …."

27.     This action is a proceeding supplementary to and in aid of the 2000 Judgment and/or execution thereon.

28.     Pursuant to New York CPLR § 5014, an action may be brought upon a money judgment where, *inter alia*, "ten years have elapsed since the first docketing of the judgment," provided that not more than twenty years have elapsed since the docketing of the judgment (New York CPLR § 211(b)).

29.     More than ten years and less than twenty years have elapsed since the docketing of the 2000 Judgment.

30.     Accordingly, Plaintiff is entitled to a renewal judgment.

**AS AND FOR A
FIRST CAUSE OF ACTION
<u>(Renewal Judgment)</u>**

31.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-30 above as if fully set forth herein.

32.     Because Plaintiff is the holder of the 2000 Judgment, and more than ten years and less than twenty years have elapsed since the docketing of the 2000 Judgment, Plaintiff is entitled to a renewal judgment against Gazsnabtranzit, Moldovagaz and Molodova, jointly and severally, in the principal amount of $9,863,034.04.

**AS AND FOR A
SECOND CAUSE OF ACTION
(Statutory Interest)**

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-32 above as if fully set forth herein.

34. Pursuant to 28 U.S.C. § 1961(a) as in effect at the time of the 2000 Judgment, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." Further, such interest "shall be computed daily to the date of payment..., and shall be compounded annually."

35. The 2000 Judgment is a money judgment in a civil case.

36. The coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the 2000 Judgment was six and three-eighths per cent (6.375%).

37. Accordingly, Plaintiff is entitled to recover from Gazsnabtranzit, Moldovagaz and Moldova, jointly and severally, interest on $9,863,034.04, the principal amount of the 2000 Judgment, at the rate of six and three-eighths per cent (6.375%) per annum from July 14, 2000 to the date of entry of the renewal judgment, computed daily and compounded annually, to the date of payment.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

38. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Plaintiff hereby gives notice that it intends to raise issues concerning the law of a foreign country (Republic of Moldova) in connection with this matter.

WHEREFORE, Plaintiff respectfully requests that the Court enter a renewal judgment in Plaintiff's favor and against Gazsnabtranzit, Moldovagaz and Moldova, jointly and severally, in the amount of $9,863,034.04, the principal amount of the 2000 Judgment, plus interest at the rate of six and three-eighths per cent (6.375%) per annum, computed daily and compounded annually, from July 14, 2000 to the date of entry of the renewal judgment.

Dated: June 2, 2016

DECHERT LLP
Dennis H. Hranitzky
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

-and-

DECHERT LLP
Jennings F. Durand (Of Counsel)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2857
(215) 994-4000

-and-

MILLER & WRUBEL P.C.

By: /s/ Charles. R. Jacob III
    Charles R. Jacob III
    570 Lexington Avenue
    New York, New York 10022
    (212) 336-3500

*Attorneys for Plaintiff*